# S. S. Messinger et al., Plffs. in Err., *v.* Phaon W. Mantz.

A justice of the peace has no jurisdiction to issue an attachment execution against a legacy charged on land.

(Argued February 1, 1888.   Decided March 19, 1888.)

January Term, 1888, No. 94, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.   Error to the Common Pleas of Lehigh County to review a judgment reversing the judgment of a justice of the peace against a garnishee, June term, 1887, No. 49.   Affirmed.

February 12, 1887, S. S. Messinger and G. F. Messinger, trading as S. S. Messinger & Son, obtained a judgment before a justice of the peace for $133.43 against David Hausman. February 19, 1887, an attachment execution was issued and Phaon W. Mantz was summoned as garnishee. Interrogatories were served upon Mantz, the material part of the answers to which was as follows: "There is a dower legacy on my real estate, of $841.37, for the legal heirs of James Hausman, and of whom the said David Hausman is one of the heirs."

NOTE.—The same rule is laid down in Bank v. McCall, 5 Del. Co. Rep. 238.   Justices of the peace are given jurisdiction to issue attachments upon judgments in such cases only as are provided for by §§ 32–38 of the act of June 16, 1836, P. L. 755.

The record of the justice was as follows:

"Garnishee appears and files his answers, admitting that there is a dower lien on his real estate in favor of the defendant in the sum of $133.43; whereupon, judgment publicly that the plaintiffs have execution of the debt of $133.43, due by the garnishee to the defendant after the decease of Widow Hausman of James. and attach in his hands, and if the said garnishee refuse or neglect on demand by the constable to pay the same, then the same be levied of his, the garnishee's, goods and chattels as in case of a judgment against him, for his own proper debt, and that the garnishee be thereupon discharged against the debt of the sum so attached and levied."

Mantz thereupon issued a certiorari and the court reversed the judgment of the justice.

The assignment of error specified the above action of the court.

*E. G. Schwartz,* for plaintiffs in error.—David Hausman having the right of action, at the death of the widow, to recover this money charged as aforesaid, his creditors have the right to attach the same; and being subject to attachment under the act of June 16, 1836, in proceedings in the common pleas, it may also be attached in proceedings had before a justice of the peace, by virtue of the act of April 15, 1845, which confers all the jurisdiction upon justices of the peace and aldermen, which the common pleas had by virtue of the act of June 16, 1836.

But the court below, without deciding this question, reverses the judgment of the justice for the reason that the record does not show on its face that it had jurisdiction. GIBSON, Ch. J., in Hazelett v. Ford, 10 Watts, 101, says: "It has been said in Buckmyer v. Dubbs, 5 Binn. 32; Gibbs v. Alberti, 4 Yeates, 373; and Bradley v. Hewen, 4 Yeates, 436, to be the settled rule of this court to entertain no presumption in any case of apparent jurisdiction against the accuracy of a justice's proceedings." "The maxim that everything done by such a court shall be deemed to have been *coram non judice,* if it appear not on the face of the proceedings that the judge acted within the scope of his authority, is to be taken in reference to a justice of the peace with many grains of allowance."

In Leamy v. McClure, a case reported in Chester Co. Rep.

220, 1 Del. Co. Rep. 100, it is held that "it is sufficient that the record substantially show the justice's jurisdiction."

All that the record of the justice is required to show is enough to enable the court to ascertain the cause of the controversy.

*C. J. Erdman* for defendant in error.

PER CURIAM:

A justice's jurisdiction must be founded upon some act of assembly; and as there is no such warrant authorizing the attachment, by a justice, of a legacy, or other interest in the estate of a decedent, the court did right in reversing the magistrate's judgment.

The judgment is affirmed.